March 13, 2003

The Honorable Dib Waldrip
Comal County Criminal District Attorney
150 North Seguin, Suite 307
New Braunfels, Texas 78130

Opinion No. GA-0034

Re: Whether a county may require the owner of a "junked vehicle" to erect a fence or other screening objects in order to shield the vehicle from public view (RQ-0605-JC)

Dear Mr. Waldrip:

You ask whether a county may require the owner of a "junked vehicle" to erect a fence or other screening objects in order to shield the vehicle from public view.

Subchapter E, chapter 683 of the Transportation Code addresses the abatement of junked vehicles as a public nuisance. Section 683.072 provides, in relevant part, that "[a] junked vehicle, including part of a junked vehicle, that is *visible from a public place or public right-of-way* . . . is a public nuisance." TEX. TRANSP. CODE ANN. § 683.072(7) (Vernon 1999) (emphasis added). Section 683.071 of the Transportation Code defines "junked vehicle":

> In this subchapter, "junked vehicle" means a vehicle that is self-propelled and:
>
> (1) does not have lawfully attached to it:
>
>> (A) an unexpired license plate; or
>>
>> (B) a valid motor vehicle inspection certificate; and
>
> (2) is:
>
>> (A) wrecked, dismantled or partially dismantled, or discarded; or
>>
>> (B) inoperable and has remained inoperable for more than:

> (i) 72 consecutive hours, if the
> vehicle is on public property; or
>
> (ii) 30 consecutive days, if the
> vehicle is on private property.

*Id.* § 683.071 (Vernon Supp. 2003). Under section 683.073 of the Transportation Code, the offense of maintaining "a public nuisance described by section 683.072" is "a misdemeanor punishable by a fine not to exceed $200." *Id.* § 683.073(a)-(b) (Vernon 1999). Upon conviction, the court must "order abatement and removal of the nuisance." *Id.* § 683.073(c). Additionally, pursuant to section 683.074, a municipality or county is empowered to "adopt procedures that conform to this subchapter for the abatement and removal from private or public property or a public right-of-way of a junked vehicle or part of a junked vehicle as a public nuisance." *Id.* § 683.074(a) (Vernon Supp. 2003). Sections 683.074, 683.075, and 683.076 describe the procedures a county must follow in order to abate and remove the nuisance, including notice, public hearing, judicial orders, and cancellation of the vehicle's certificate of title. Section 683.078 governs removal of a junked vehicle to "a scrapyard, a motor vehicle demolisher, or a suitable site operated by a municipality or county." *Id.* § 683.078(a) (Vernon 1999). You ask whether a county, pursuant to its authority to abate and remove a "junked vehicle" as a nuisance, may impose fencing and screening requirements.

A junked vehicle may be classified as a "public nuisance" subject to abatement and removal under subchapter E, chapter 683 of the Transportation Code, *only* if it "is visible from a public place or public right-of-way." *Id.* § 683.072. We must therefore consider the meaning of the term "visible." The term is not defined by statute or Texas case law. According to its common usage, "visible" means "capable of being seen; that by its nature is an object of sight; perceptible by the sense of sight." XIX OXFORD ENGLISH DICTIONARY 687 (2d ed. 1989). *See* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 1998) ("Words and phrases shall be read in context and construed according to the rules of grammar and common usage."). The few out-of-state judicial decisions that have considered the meaning of "visible" accord with this definition. *See, e.g., Striefel v. Charles-Keyt-Leaman P'ship*, 733 A.2d 984, 990 (Me. 1999) ("'Visible' means capable of being seen by persons who may view the premises."); *Colonial Trust v. Breuer*, 69 A.2d 126, 129 (Pa. 1949) ("'Visible' means perceivable by the eye . . . ."); *Tritt v. Judd's Moving & Storage, Inc.*, 574 N.E.2d 1178, 1185 (Ohio App. 3d 1990) ("Visible means perceivable by the eye.").

Thus, in order to avoid classification as a "public nuisance" under section 683.072 of the Transportation Code, a junked vehicle or a part thereof, need only be *non-visible* from a public place or public right-of-way. No particular kind of camouflage is required by the statute to render the vehicle non-visible. Consequently, a county may not compel the owner of a junked vehicle to erect fencing, trees, shrubbery, or any other specific kind of screening. In order to abate and remove the nuisance, the county must demonstrate that a junked vehicle "is visible from a public place or public right-of-way," *i.e.*, capable of being seen from such location. Whether any particular form of camouflage is sufficient in a given instance to render a junked vehicle non-visible is of course a question of fact for the county to determine in the first instance.

You also ask whether a county may import the fencing and screening requirements applicable to automotive salvage yards and junkyards to vehicles parked on other private property. Section 396.021(b) of the Transportation Code provides, in relevant part:

> (b) A person who operates a junkyard or an automotive wrecking and salvage yard shall screen the junkyard or automotive wrecking and salvage yard with a solid barrier fence at least eight feet high. The fence must be painted a natural earth tone color and may not have any sign appear on its surface other than a sign indicating the business name.

> (c) A person who operates a junkyard or an automotive wrecking and salvage yard in a county with a population of 200,000 or less shall screen the junkyard or automotive wrecking and salvage yard to at least six feet in height along the portion of the junkyard or automotive wrecking and salvage yard that faces a public road or residence. The person may screen the yard by any appropriate means, including:

> (1) a fence;

> (2) natural objects; or

> (3) plants.[1]

TEX. TRANSP. CODE ANN. § 396.021(b)-(c) (Vernon 1999).

The fencing and screening standards applicable to junked vehicles in the possession of licensed automotive salvage yards and junkyards under chapter 396 are not applicable to junked vehicles maintained by individuals or businesses that do not fall within that category. In addition, subchapter E, chapter 683 of the Transportation Code, which, as previously discussed, addresses the abatement of junked vehicles as a public nuisance, is specifically inapplicable to a vehicle or vehicle part "that is stored or parked in a lawful manner on private property in connection with the business of a licensed vehicle dealer or junkyard," provided that the vehicle or vehicle part is, *inter alia*, "screened from ordinary public view by appropriate means, including a fence, rapidly growing trees, or shrubbery." *Id.* § 683.077(a)(2)(C) (Vernon Supp. 2003). Licensed automotive salvage yards and junkyards must follow the fencing and screening requirements of section 396.012(b). Individuals not embraced within the ambit of chapter 396 need only render a junked vehicle non-visible from a public place or public right-of-way.

---

[1]Section 396.021 does not apply to automotive wrecking and salvage yards covered by chapter 397 of the Transportation Code, *i.e.*, those in a county with a population of 3.3 million or more, not located in a municipality in that county, and established on or after September, 1983. *See* TEX. TRANSP. CODE ANN. ch. 397 (Vernon 1999 & Supp. 2003).

## S U M M A R Y

A county may abate and remove as a "public nuisance" any "junked vehicle" that is visible from public or private property or a public right-of-way.  A county may not require a particular kind of camouflage to render the vehicle non-visible.  The fencing and screening standards applicable to licensed automotive salvage yards and junkyards under chapter 396 of the Transportation Code do not apply to junked vehicles parked on other private property.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General - General Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee